IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KIMBERLY CERUTI,<br><br>Appellant,<br><br>v.<br><br>DAVID L. MILLER,<br><br>Appellee. | **MEMORANDUM DECISION<br>AND ORDER<br>DISMISSING BANKRUPTCY APPEAL**<br><br>Case No. 2:20-cv-585<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On August 17, 2020, Appellant Kimberly Ceruti noticed this appeal from a decision of the bankruptcy court. *See* Dkt. No. 1. On November 9, 2020, and November 18, 2020, Ms. Ceruti noticed two additional appeals arising out of the same bankruptcy case. *See* 2:20-cv-791; 2:20-cv-820. On December 15, 2020, the court granted Ms. Ceruti's motion to consolidate the two other appeals into the current action. *See* Dkt. Nos. 15, 18.

On December 17, 2020, the court ordered Ms. Ceruti to "file a single brief raising all of the arguments she wishes to make in connection with her three consolidated appeals no later than February 12, 2021." Dkt. No. 22. And on January 25, 2021, the court granted Ms. Ceruti's motion to consolidate a fourth appeal arising out of the same bankruptcy case into the current action. *See* Dkt. Nos. 24, 26.

On February 11, 2021, one day before Ms. Ceruti's consolidated brief was due, she moved to extend the deadline. *See* Dkt. No. 28. The court granted that motion and extended the deadline to March 5, 2021. *See* Dkt. No. 32. And on March 4, 2021, one day before the extended deadline, Ms. Ceruti filed a second motion for an extension. *See* Dkt. No. 36. On March 11, 2021, the court granted the motion and extended the deadline to March 29, 2021. *See* Dkt. No.

39. This time, however, the court warned that Ms. Ceruti "will not be granted any further extensions of time to file her appeal brief." *Id.*

Despite these extensions, Ms. Ceruti never filed her brief. Nor did she seek a further extension. Indeed, Ms. Ceruti has not communicated with the court in any way since her March 4, 2021, filing. On June 7, 2021, more than two months after the March 29, 2021, deadline, the court ordered Ms. Ceruti to "file a brief showing cause why her appeals should not be dismissed for failure to prosecute." Dkt. No. 40. Ms. Ceruti has failed to respond in any way to this order.

Pursuant to Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988). This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2.

This court agrees with the Ninth Circuit's conclusion that "dismissal of a bankruptcy appeal for failure to prosecute is appropriately analogized to a dismissal under Rule 41(b)." *In re Hunt*, 599 Fed. Appx. 690, 691 (9th Cir. 2015) (citation omitted). This conclusion is supported by Federal Rule of Bankruptcy Procedure 8003(a)(2), which provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal is ground for the district court to act as it considers appropriate, including dismissing the appeal." (Cleaned up.)

Here, Ms. Ceruti has failed to file a brief in support of her four appeals despite receiving two extensions and has not responded in any way to the court's order requiring her to show cause why these appeals should not be dismissed for failure to prosecute. Indeed, since moving for an extension on March 4, 2021, Ms. Ceruti has neither made any additional filings nor communicated with the court at all.

The court thus finds that Ms. Ceruti has failed to (1) prosecute these appeals; (2) comply with this court's orders; or (3) show good cause why these appeals should not be dismissed. The court will accordingly dismiss Ms. Ceruti's appeals pursuant to Federal Rule of Civil Procedure 41(b), Local Rule 41-2, and Federal Rule of Bankruptcy Procedure 8003(a)(2).

*   *   *

**IT IS THEREFORE ORDERED THAT**:

1. Ms. Ceruti's appeals are DISMISSED pursuant to FED. R. CIV. P. 41(b), DUCivR 41-2, and Fed. R. Bankr. P. 8003(a)(2) for failure to comply with the court's orders, failure to prosecute, and failure to file briefing in support of her appeals.

2. The Clerk of the Court shall terminate Civil Actions 2:20-cv-585, 2:20-cv-791, 2:20-cv-820, 2:21-cv-006; and

3. Each party shall bear its own costs.

DATED this 22nd day of July, 2021.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge